EPHRAIM *v.* WINN-DIXIE, INC., et al.

No. 41631            December 19, 1960            125 So. 2d 295

*Pigford & Goldman,* Meridian, for appellant.

*Snow, Covington & Shows,* Meridian, for appellee.

McGᴇʜᴇᴇ, C. J.

The above-styled cause arises out of an automobile collision wherein the plaintiff Chester Ephraim was injured in an accident between a truck driven by the appellee Richard Parker, driver for Winn-Dixie, Inc., an Alabama corporation. The collision occurred in Mississippi a few miles east of the City of Meridian on January 21, 1955. The case was submitted to a jury under numerous instructions, both to the plaintiff and the defendants, and with the result that the jury rendered a verdict in favor of the defendants, and the plaintiff appeals.

The plaintiff was proceeding in an easterly direction from Meridian along Highways 11 and 80 at approximately 5:30 A. M. in his Buick automobile, and immediately before reaching the Village of Russell, Mississippi, he came to the Blue Top Filling Station on the south side of the highway. It was raining hard and he drove off of the paved highway onto the filling station grounds in front of the said filling station to wait for the rain to slacken. Immediately prior to the collision he saw the white truck driven by the appellee Richard Parker approaching from the east about one-eighth of a mile from the said filling station. He testified that the headlights from the truck blinded him and that the collision occurred before he was able to get back onto the paved highway to proceed eastward.

The testimony on behalf of the defendants was to the effect that the plaintiff drove from in front of the filling station slowly and that upon undertaking to reenter the paved portion of the highway, the plaintiff suddenly crossed the center line of the paved highway into the north lane thereof in front of the defendant's truck, and that the collision therefore occurred on the paved highway instead of between the paved highway and the filling station building. The testimony on behalf of the defendants was corroborated by the highway patrolman as to the debris being on the paved portion of the highway.

The appellee Richard Parker testified that in order to avoid the collision he turned his truck northward, while traveling westward, that the right wheels of his truck went into a small ditch to the north of the shoulder of the highway adjacent to the north lane thereof, and that the collision occurred on the paved highway and was unavoidable insofar as he was concerned.

The plaintiff introduced one Parker Pigford, who did not claim to have seen the accident but said that he was proceeding westward from Russell, Mississippi, and the defendant's truck passed him on a yellow line on an incline immediately before the collision, and that he did not see the collision for the reason that the defendant's truck, after passing him, was between him and the automobile of the plaintiff. The appellee Richard Parker testified that he passed no motor vehicle at any place between Russell and the scene of the accident. Parker Pigford did not notice the tracks of the truck which left the highway from the north lane thereof onto the shoulders. He does not say that the tracks were not on the north shoulder of the highway, but he merely testified that he did not observe them. He claims that he passed the scene of the accident shortly thereafter and saw someone getting the plaintiff out of his automobile but he did not stop to ascertain the extent of the plaintiff's injuries.

The plaintiff testified that he was blinded by the lights of the defendant's truck from the time he first saw it approaching. If, notwithstanding this fact, he proceeded onto the paved highway where the debris was found, and while blinded by the light, he was not driving cautiously and prudently.

In view of the conflict in the testimony as to whether the collision occurred in front of or near the filling station and on the south side of the paved highway, or on the paved highway, and as to whether Parker Pigford saw the truck pass him running fifty to fifty-five miles per hour, presented an issue of fact for the determination of the jury.

We think that when all of the numerous instructions obtained by both the plaintiff and the defendant are considered as a whole, there was no reversible error committed by the trial court in the matter of the giving or refusing instructions, and that on the conflicting evidence the judgment appealed from should be affirmed.

Affirmed.

*Lee, Kyle, Arrington* and *McElroy, JJ.,* concur.